HEARD NOVEMBER TERM, 1877.

## LYLES vs. KIRKPATRICK.

Specific performance of a contract for the sale of land decreed against objections that the plaintiff was guilty of unreasonable delay in commencing his action and that his title was not marketable.

The defect in a deed of conveyance of real estate having but one subscribing witness is cured by an adverse possession thereunder of ten years.

Where a vendor sues for specific performance he may perfect his title at any time before decree, but in such case he must pay costs.

BEFORE MACKEY, J., AT FAIRFIELD, AUGUST, 1877.

This was an action by W. H. Lyles against George W. Kirkpatrick for specific performance of a contract for the sale of land.

The decree of the Circuit Court is as follows:

The above case was commenced in this Court by the service of a summons and complaint upon the defendant to obtain the specific performance of a contract on the part of the defendant with the plaintiff to purchase from the plaintiff a certain tract of land situate in Fairfield County and described in the pleadings, and to enforce the payment of the money agreed to be paid for the purchase of said land. Having come to issue at the November Term, 1875, of the Court of Common Pleas for said County, it was by mutual consent referred to H. A. Gaillard, Esq., counselor-at-law, as Referee of the whole issue, to hear and determine all questions of law and fact arising upon the pleadings. And the said Referee having reported in favor of the contract alleged in said complaint, and that the plaintiff had shown a good and sufficient title to the premises agreed to be sold, after having removed certain objections to the title, upon the trial before him, on the 28th day of November, 1875, then for the first time raised, and recommended that the plaintiff have the relief demanded in his complaint, the said report was excepted to by the defendant, and the exceptions, after full argument before me, at Chambers, were overruled.

It is therefore adjudged—

I. That the agreement set forth in the complaint and proven in this cause be specifically performed, and that the plaintiff execute and deliver to the defendant a good and sufficient conveyance in fee, after the form prescribed in the statute law of the State, with full covenants, except the covenant of warranty against the balance of the mortgage debt due by G. M. Chapman to the estate of E. F.

Lyles, and the judgment recovered by Thomas M. Lyles against G. M. Chapman, both of which being liens upon said land and being provided for in the contract of the defendant herein to purchase said land.

II. And it is further adjudged that if the defendant refuse to receive said conveyance the plaintiff file the same with the Clerk of the Court, and upon such delivery or filing of said conveyance the defendant pay to the plaintiff four hundred and fifty dollars, the purchase money named in the contract, set forth in the complaint, the period for the payment of the credit portion of said purchase money having expired pending the suit, together with interest thereon from the 28th day of November, 1875, the date when a good title to the premises was first shown.

III. And it is further adjudged that if the defendant, upon a tender of said conveyance, refuse to pay the sum so found to be due, the premises described in the complaint as hereinafter set forth, or so much thereof as may be sufficient to raise the amount so adjudged to be due to the plaintiff as the purchase money of said tract of land, principal and interest, as well as the taxed costs of this action, and which may be sold separately without material injury to the parties interested, be sold at public auction before the door of the court house for Fairfield County, by or under the direction of the Sheriff of said County, on some convenient sales day hereafter, after due and public notice given by said Sheriff of the time and place of said sale, according to law and the practice of this Court; that said premises be sold subject to the balance of the mortgage debt due by G. M. Chapman to the estate of E. F. Lyles, and to the judgment of Thomas M. Lyles against G. M. Chapman, both of which are hereinbefore mentioned; that either of the parties to this action may become a purchaser on such sale; that the said Sheriff execute to the purchaser or purchasers a deed or deeds of the premises sold; that out of the proceeds of the sale, after deducting the amount of his fees and expenses on such sale, and any lien or liens upon said premises so sold, at the time of such sale, for taxes or assessments, he pay to the plaintiff such amount as may be adjudged to be due him for his taxable costs and disbursements in this action, and also the amount heretofore adjudged to be due plaintiff as the purchase money of said land, together with interest thereon from said 28th day of November, 1875, or so much thereof as the proceeds of the sale of said premises will pay of the same;

and that he take a receipt of the plaintiff for the amount so paid and file the same with his report of sale; and that the purchaser or purchasers at said sale be let into possession of the premises upon the production of the deed by the Sheriff; that the said Sheriff pay the surplus money, if any, into this Court, subject to the further order of this Court, and that he make a report of such sale to this Court with all convenient speed.

IV. And it is further adjudged that if the proceeds of such sale be insufficient to pay the amount so adjudged due to the plaintiff, with interest and costs as aforesaid, the said Sheriff specify the amount of such deficiency in his report of sale; and that the defendant, George W. Kirkpatrick, pay the same to the plaintiff, with interest from the date of such report, and the plaintiff have execution therefor.

The defendant excepted to the decree on a number of grounds, which arestated in the opinion of the Court.

*Hamilton,* for appellant.

*Barnwell,* contra.

March 1, 1878. The opinion of the Court was delivered by

WILLARD, C. J. The proposition involved in the first exception to the decree is one of law—that the contract being by parol is void under the Statute of Frauds. Unless the case made is one of part performance such as to authorize a Court of equity to decree specific performance, the action must fail on the ground just stated. The plaintiff, however, shows that the defendant took possession of the land sold under the contract of sale.

The second exception involves the proposition that such possession by the vendee was " temporary and not such as would take the case without the Statute of Frauds." This is a question of fact that has been determined in favor of the plaintiff, and we cannot say that it is without evidence to support it, or that there is testimony of overbearing weight to contradict it. It must, therefore, stand as the proper determination of such questions of fact. It is, therefore, a case of part performance of a parol contract for the sale of lands by the transfer of possession of the land bargained to the vendee under the agreement of sale, and in such cases it is the

established doctrine of the Courts of equity to specifically enforce the contract of sale, when it is made out clearly, is definite in its terms, and if the vendor can make good and marketable title and has been guilty of no laches or misconduct tending to impair the value of the contract to the vendees.

In *Thompson* vs. *Scott*, (1 McC., 33,) the essentials of a case for specific performance of a parol contract for the sale of lands on the ground of part performance are stated by Nott, J., as follows : 1st. That it must be clearly shown what the agreement was. 2d. That it has been partly carried into execution on one side with the approbation of the other ; and, 3d. That the party who comes to compel a performance must show that he has performed on his part and that he has been and still is able to perform his part of the contract. The terms of the contract are definite in the present case and distinctly proved. It has been carried into part performance by the mutual act of the parties tendering and accepting possession. It remains to inquire whether the remaining requisite of a case of this character is present.

The next exception advances the proposition that time was of the essence of the contract and that performance cannot be decreed now. No time was definitely fixed by the agreement for the delivery of title, but it is inferable, from the fact that the time of final payment was fixed, that the title was to be completed before that time. If delay has occurred it must be ascribed to the default of the defendant, who refused to take title and complete the purchase while the contract was still executing. The terms of the refusal warrant the conclusion that the defendant would not have completed the purchase had the title of plaintiff appeared to be perfect. After the refusal of the defendant the plaintiff was not bound to proceed to put his title in a condition, by paying off encumbrances, to be available to the defendant. He had a right to wait until he was sure of some means of enforcing his contract before reducing the encumbrances. If delay occurred it was attributable to the fault of the defendant. The contract was made in January, 1875, the final payment was to be made in January, 1876, and the action was commenced in September, 1875. No unreasonable delay in bringing suit can be charged to the plaintiff.

In *Prothro* vs. *Smith*, (6 Rich. Eq., 324,) Chancellor Wardlaw says : "In this Court time is not usually of the essence of the contract, although it may be made so by the express stipulations of the

parties in the contract itself," * * * " or by the act of one of the parties fixing a reasonable time for the completing of the contract and giving notice to the other party of intention to abandon the contract unless it be complied with in the time fixed."

The cases in which the complainant has been held prejudiced by delay in bringing his suit are considered in the case just cited, which afford no warrant for so stringent a rule as that insisted upon by the appellant. The same general views were expressed by this Court in *Lesesne* vs. *Witte*, (5 S. C., 462,) as it regards the effect of reasonable delay in the commencement of the suit.—See *Dow* vs. *Gibbs*, Bail., 363. The plaintiff is not chargeable with unreasonable delay, nor does it appear that he has failed to comply with any stipulations as to time contained in the contract. The defendant being in default was not in a position to fix a time for performance, nor does he appear to have done so, but, on the contrary, must be regarded as having refused absolutely to complete the purchase, although the plaintiff might in due time tender him a good title discharged from all encumbrances other than those excepted by the contract.

The fifth exception, to the effect that the circuit decree makes a new contract between the parties, is without force. The circuit decree properly embodies the terms of the contract, having regard to the fact that the whole purchase money had become due at the date of the decree, and then proceeds to enforce these terms, and provides that in the event of the failure of the defendant to pay the purchase money the land should be sold for its payment, thus enforcing by way of alternate relief the lien of a vendor of lands having title against a vendee in possession for the payment of the purchase money.

The sixth exception affirms that the plaintiff has not actually perfected his title. Two questions are involved in this exception, one affecting the plaintiff's title, properly considered, and the other relating to alleged encumbrances. The last named has been disposed of by the decree, mainly as a question of fact, and no ground is presented for disturbing its conclusions. The first named will be considered. As it regards the alleged defect of title, the facts are that plaintiff's title is held under a deed witnessed by a single subscribing witness. In itself this deed is deficient in point of proof for want of two subscribing witnesses; but, inasmuch as a possession of upwards of ten years had been had under it, of an adverse char-

acter, without the assertion of claim of title on the part of the vendor, or those claiming under him, the validity of the deed cannot be disputed at this time. If after a possession of ten years, the full statute period at the time, and adverse in its character, as was found by the Referee, a technical defect merely, such as the absence of a subscribing witness, can compel the title to be regarded as not marketable, the same conclusion would be inevitable had that possession been of a hundred years' duration. Such a doctrine would be equivalent to holding that a mere formal defect in a deed is incurable, so far as it regards the power of enforcing a contract for the sale of the land. Such a conclusion is at variance with the principles of law. If a party can, by the operation of law, be deprived by ten years' adverse possession of a clear title, much more should he be deprived by such a possession of the power of disputing his own deed on purely technical and formal grounds.

No misrepresentation or concealment of the character alleged in the seventh and eighth exceptions were alleged in the defendant's answer, or proved, consequently these exceptions must fail.

The ninth exception involves the proposition that in an action for specific performance it is not sufficient that the title of the plaintiff is made good after suit brought and before decree. No question of a defective title, as such, is presented by the present case, for the title of the plaintiff appears to have been perfect before the action commenced. The real objection is that the title was not marketable at the time of suit brought, by reason of encumbrances on the land not intended to be assumed by the vendee.

As has been already said, the plaintiff was not bound to remove such encumbrances until assured of an opportunity of completing the sale of the land. In point of fact the encumbrances were removed, with the exception of those that were to remain according to the contract of sale, before the Referee's report.

The authorities warrant the conclusion that even had there been a defect of title that defect might have been cured at any time before decree.—*Lesesne* vs. *Witte*, 5 S. C., 462, and cases there cited.

The tenth exception alleges error in costs being allowed to the plaintiff. Had it appeared that the defendant had refused to perform his part of the contract solely on the ground that the title was not good and marketable, and had the action been commenced while the plaintiff's title was subject to that defect, it is obvious that should the plaintiff, before decree, succeed in removing that

defect, he should not have costs, for in that case the equity at the commencement of the suit was with the defendant and not with the plaintiff.—*Lesesne* vs. *Witte*, 464; *Bates* vs. *Lyons*, 7, p. 85.

In the present case it appears that the defendant at the time of action commenced was unwilling to carry into effect the contract of sale, even had the plaintiff, at that time, been able to make a good and marketable title. The plaintiff was therefore compelled to resort to this action as the only means of enforcing his rights, and he was properly allowed his costs.

The eleventh and twelfth exceptions set forth matters entirely foreign to the matters at issue and need not be considered.

The appeal must be dismissed and the judgment below affirmed and the cause remanded for its enforcement.

*McIver*, A. J., and *Haskell*, A. J., concurred.